# McFate's Appeal.

1. The provisions of the Act of April 1, 1834 (P. L., 163), authorizing the Court of Quarter Sessions to declare alterations of borough limits, is not repealed by the Act of April 3, 1851, section 30 (P. L., 320), requiring the burgess and council of a borough, on petition of owners of lands adjacent to the borough limits, to ordain the admission of such lands as part of the borough. The two Acts are *in pari materia*, and are to be construed as one enactment.

2. Where the records in the Quarter Sessions of the original incorporation of a borough, as also those of the subsequent enlargement of its limits, are lost, but the petition and decree are recorded in the Recorder's office, as provided for by the Act of 1834, such record is evidence, and cannot be questioned in a proceeding in equity to restrain the borough from exercising jurisdiction over a section included in the enlarged limits.

3. In such case it is presumed that the Court of Quarter Sessions required strict compliance with the provisions of the Act before the decree was made and recorded, especially after lapse of time, and when the citizens residing within the borough limits thereafter acted as if the decree were valid.

February 8, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

APPEAL from the Common Pleas of *Crawford county :* In Equity : Of January Term, 1884, No. 236.

. This was an appeal by William A. McFate, John H. Homan and. Elizabeth Homan, from a decree of said court, dismissing a bill in equity filed by them against the borough of Cochranton, James Fleming,. burgess, and D. H. McFate and others, members of the council of said borough, wherein the plaintiffs sought to restrain the defendants from exercising the jurisdiction of said borough over certain lands belonging to the plaintiffs, which they averred were not within the borough limits.

An answer. was filed, and the cause was referred to a master, James W. Smith, Esq., whose findings of fact were as follows:

1. The borough of Cochranton was incorporated by the Court of Quarter Sessions of Crawford county, April 5, 1855, pursuant to the provisions of the Act of Assembly approved April 1, 1834, as per record of proceedings recorded in the recorder's office in deed book K, No. 2, pages 632–3, a copy of which is attached to and made a part of this report.

2. The boundaries of the borough thus incorporated are set forth in the second paragraph of the plaintiffs' bill.

3. Upon the petition of citizens of the borough, and of Thomas K. Cochran and H. H. Thompson, presented to the court, and approved by the grand jury August 10, 1858, the said Court of Quarter Sessions, on the 8th day of November, 1858, made a decree enlarging the limits of said borough so as to include therein the lands then owned by the said Thomas K. Cochran and H. H. Thompson, as per proceedings recorded in the recorder's office in agreement book A, page 11, a copy of which is attached to and made a part of this report.

4. These lands of Thomas K. Cochran and H. H. Thompson are the lands now owned by the plaintiffs, and described in the third paragraph of the bill.

5. The clerk of courts is unable to find any record in his office of. either the original incorporation or the extension of the limits of said borough.

6. The records of the sessions show that a borough election was held in 1855, and that H. H. Thompson was elected a school director in said borough in 1859, and that Thomas K. Cochran was elected a justice of the peace in said borough in 1861.

7. The said Thomas K. Cochran and H. H. Thompson resided on the lands now owned by the plaintiffs at the time of the decree extending the limits of said borough, and continuously thereafter as long as they lived in the county, and while so residing paid their taxes, voted and accepted public offices in said borough, and they and their successors in the title to said lands have, without protest, recognized the

authority of said borough over said lands from that time until the filing of the bill in this case.

8. There are not, and never were, twenty freehold owners of the lands of the plaintiffs, and the said lands were never annexed to, or made a part of said borough by ordinance of the burgess and council in pursuance of the provisions of section 30 of the Act of April 3, 1851.

9. At the request of the plaintiffs' counsel the master also finds that the petition for the original incorporation of said borough contained the following prayer, to wit: "That the said borough of Cochranton shall be subject to all the provisions—so far as they are not inconsistent with this petition —of an Act entitled ' An Act regulating Boroughs,' approved the 3d day of April, 1851."

The master, being of opinion that the Court of Quarter Sessions lawfully decreed the annexation of the plaintiffs' lands, and their incorporation into the borough of Cochranton, recommended a decree dismissing the bill.

Exceptions filed to the conclusion of the master were overruled by the court, in an opinion by CHURCH, P. J., and a decree was entered dismissing the bill. The complainants took this appeal, assigning for error the overruling of their exceptions to the master's report, and the decree. The cause was submitted on paper books without oral argument.

*Brawley & McClintock*, for the appellant, contended that the Act of 1851 being a general Act regulating the incorporation of boroughs, and revising the whole subject matter, repealed, by necessary implication, the Act of 1834. That the borough of Cochranton was therefore incorporated under the Act of 1851, and the borough limits could be extended only in the manner provided by that Act. Further, that if the limits could have been extended under the Act of 1834, there was no evidence of compliance with the provisions of that Act, it not appearing that the petition was signed by a majority of the freeholders, nor that the certificate was entered of record in the Quarter Sessions; the record in the recorder's office is no evidence that a record ever existed in the Quarter Sessions. They cited Devore's Appeal, 6 P. F. S., 164; Borough of West Phila., 5 W. & S., 281; Pittsburgh's Appeal, 29 P. F. S., 323.

*John J. Henderson*, for the appellees.—The Acts of 1834 and 1851 are *in pari materia*, and both can well stand together. Strong presumptions are tolerated and allowed in favor of records irregularly kept, after a great lapse of time. It is presumed, under such circumstances, that courts did what the law required them to do, and that omissions were

the result of carelessness or ignorance on the part of the clerks. Shaw *v.* Boyd, 2 Jones, 215; Fink's Appeal, 5 Out., 74.

Mr. Justice TRUNKEY delivered the opinion of the court, March 3, 1884.

By the Act of April 3, 1851, the Courts of Quarter Sessions " shall have power, as provided by law, to incorporate boroughs, without regard to the population thereof, which shall be subject to the provisions of this Act." The mode of proceeding is prescribed by the Act of 1834, and that Act remains in force so far as it is not repugnant to, and is not altered or supplied by later enactments. If the several statutes relating to boroughs can stand together, the prior are not abrogated by the posterior. This is well settled, as shown in the opinions of the master and the learned judge of the common pleas. They also refer to the legislative sense made apparent by the reference to the Acts of 1834 and 1851 in the Act of June 2, 1871.

The first four sections of the Act of 1834, and the Act of 1851, are *in pari materia*, and are to be construed as one enactment. The one is supplementary, and changes some of the provisions of the other. Section 4 of the Act of 1834 contains the only provision for annulling or altering the charters of boroughs. By the third section the courts are clothed with power to decree such alteration as may be needful to change the limits of a borough; but this can be done only on like proceedings as are requisite for the incorporation of a borough. The limits may be thus changed, either by enlarging or restricting, as may be expedient. By the thirtieth section of the Act of 1851 the burgess and council are directed and required, on the petition of not less than twenty freeholders, owners of lots in any section whereon the petitioners and others reside, adjacent to the borough, to declare by ordinance the admission of said section as part of the borough. This provides for a single case, and upon no other conditions have the borough officers anything to do with changing borough limits. To hold that such enactment repeals a prior one which authorized the courts to decree needful alterations of borough limits, whenever expedient, would be against all precedents. Manifestly, the Acts of 1834 and 1851 are not in all respects repugnant to each other; the later does not cover the whole subject of the earlier, nor does it contain any substitution for some of the provisions of the first. Little, if anything, can be predicated of the titles of either of these Acts in their construction, for when they were enacted it was not essential that the bill be limited to one subject, clearly expressed in its title. All boroughs incorporated since the Act

of 1851, by the courts, are subject to the restrictions and possess the powers and privileges which it confers, and the proceedings, including the recording in the recorder's office, are prescribed by the Act of 1834. It is admitted in the bill that the borough of Cochranton was incorporated by the court of quarter sessions on April 5, 1855, as appears by the record in the recorder's office. Then the borough was incorporated not only under the Act of 1851, but under the Act of 1834.

The master finds that on the petition of citizens of said borough, and of T. K. Cochran, and H. H. Thompson, the same court, on November 8, 1858, made a decree enlarging the limits of the borough so as to include the lands of said Cochran and Thompson, which lands are the same now owned by the plaintiffs, and described in the third paragraph of the bill; that the clerk of the court is unable to find any record in his office either of the original incorporation of the borough or of the enlargement of its limits; and that the petition and decree for said enlargement are recorded in the recorder's office. He further finds that said Thompson was elected school director in 1859, and said Cochran was elected a justice of the peace in 1861, in said borough; that they respectively accepted said offices; that said Thompson and Cochran resided on said lands at the date of the decree which included them within the borough, and continued to reside thereon until their removal from the county; and that they and their successors to the title to said lands recognized the authority of said borough over them until the filing of this bill. The bill was filed in 1882, and the plaintiffs deny that said lands were lawfully brought within the borough limits.

The application was under the third section of the Act of 1834. On August 10, 1858, the grand jury approved of and recommended the prayer of the petition; on the 8th of November, then next, the decree was made, and on November 9, 1858, the petition and decree were recorded. The appellants contend that there is no evidence of the lawful enlargement of the limits. By the terms of the statute the incorporation takes effect from the date of the recording of the petition and decree in the recorder's office. Hence that record is evidence, and it is the only evidence that can be adduced when the records of the court are lost. Here there is no other evidence of the original incorporation or enlargement of limits. The statute prescribes what matters shall be set forth in the application, and that it shall be signed by a majority of the freeholders. It ought to appear of record that a majority of the freeholders signed the petition; but it is not expressly required that this fact shall be stated therein. The grand jury

[Longenecker *v.* Penna. R. R. Co.]

should make investigation and find that all the conditions of the Act have been complied with before certifying their approval; and the court would require evidence that a majority had signed before referring the petition to the grand jury. Strong presumptions are allowed in favor of records irregularly kept, after a great lapse of time. It is presumed, under such circumstances, that courts did what the law required them to do, and that omissions were the result of carelessness or ignorance on the part of the clerks: Shaw *v.* Boyd, 12 Pa. St., 215. The two persons who owned all the lands the plaintiffs now own, joined in the petition. Soon after the decree was made each of them was elected to office in the borough, they and those holding under them, residing on said lands, for twenty-four years, voted, paid taxes, and exercised the rights of citizens of the borough; all the citizens of the borough during said time acted as if the decree were valid, and now it is well "to presume that what has been done was done of right and not of wrong."

Decree affirmed, and appeal dismissed at costs of appellants.