The Borough of Mt. Joy v. The Lancaster, Elizabethtown and Middletown Turnpike Company, Appellant.

[Marked to be reported.]

*Constitutional law—Title of act—Supplemental act.*

While it may be difficult to formulate a rule by which to determine the extent to which the title of a bill must specialize its objects, it may be safely assumed that the title must not only embrace the subject of proposed legislation, but also express the same so clearly and fully as to give notice of the legislative purpose to those who may be specially interested therein; otherwise the title will be useless.

In case of a supplement, where the subject of the original act is suffi-

ciently expressed in its title, and where the provisions of the supplement are germane to the original, the true rule is that the subject of the supplement is covered by a title which contains a specific reference to the original by its title, and declares it to be a supplement thereto.

The Act of May 24, 1871, P. L. 1096, entitled "An act entitled ' A supplement to an act erecting the villages of Mount Joy and Richland and their vicinity, in the county of Lancaster, into a borough, to be called the borough of Mt. Joy,' passed the tenth day of February, one thousand eight hundred and fifty-one," gives no notice of the new mode provided in the act by which the borough of Mt. Joy may recover from the Lancaster, Elizabethtown and Middletown Turnpike Company the cost of repairs of the portion of the road in the borough, and is therefore unconstitutional as violating article 3, section 3, of the constitution which enacts that "no bill, except general appropriation bills, shall be passed, containing more than one subject, which shall be clearly expressed in its title."

Argued May 17, 1897.   Appeal, No. 398, by defendant, from judgment of C. P. Lancaster Co., Aug. T., 1892, No. 44, on verdict for plaintiff.   Before Sterrett, C. J., Green, Williams, McCollum and Fell, JJ.   Reversed.

Assumpsit to recover the costs of repairs of a turnpike road in a borough.

The facts appear by the opinion of the Supreme Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $3,402.04.   Defendant appealed.

*Error assigned* was above instruction.

*A. F. Hostetter* and *George Nauman,* with them *Edward P. Brinton,* for appellant.—We submit, contrary to the opinion of the court below, that this act is unconstitutional and void as to the defendant corporation, because it contains more than one subject, and the title does not clearly express the subject-matter, nor contain any notice that our rights were to be affected by the act: Dorsey's App., 72 Pa. 192; State Line R. R. Co.'s App., 77 Pa. 429; Beckert v. Allegheny, 85 Pa. 195; Sewickley Boro. v. Sholes, 118 Pa. 165; Ridge Ave. Ry. v. Phila., 124 Pa. 219; Phila. v. Ridge Ave. Ry., 142 Pa. 484; Com. v. Samuels, 163 Pa. 283; Road in Phœnixville, 109 Pa. 44.

It has always been the law of this state that no legislation is valid which makes a man a judge in his own cause, or which

takes property from one and gives it to another, or which compels one by mere act of the legislature to pay for improvements, or which undertakes to deprive anyone of his property without a trial: Calder v. Bull, 3 Dal. 388; Com. v. McCloskey, 2 Rawle, 373; Norman v. Heist, 5 W. & S. 173; Lambertson v. Hogan, 2 Pa. 25; Ervine's App., 16 Pa. 263.

*J. Hay Brown*, with him *W. U. Hensel*, for appellee.—The title of an act need not be a complete index to its contents: Com. v. Green, 58 Pa. 226; Yeager v. Weaver, 64 Pa. 425; Allegheny County Home's Case, 77 Pa. 77; State Line Juniata R. R. Co.'s App., 77 Pa. 429; Mauch Chunk v. McGee, 81 Pa. 433; Lyons v. R. R., 1 W. N. C. 225; Craig v. Church, 88 Pa. 42; Pottstown Boro., 117 Pa. 546; Millvale Boro. v. Evergreen Ry., 131 Pa. 19; Com. v. Edgerton Coal Co., 164 Pa. 305; Loewi v. Haedrich, 8 W. N. C. 70; Com. v. Bender, 7 Pa. C. C. 630; Phila. v. Ridge Ave. Ry., 142 Pa. 484; Pittsburg, etc., Ry. v. Com., 101 Pa. 196; O'Connor v. Pittsburg, 18 Pa. 189.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 11, 1897:

This action of assumpsit, to recover the cost of repairing defendant company's turnpike within the limits of plaintiff borough, is grounded solely on the Act of May 24, 1871, P. L. 1096, the constitutionality of which is assailed by the defendant. If it is successful in that contention, which is its main ground of defense, this action fails and other questions raised by the record become unimportant.

The defendant company, incorporated by the Act of March 5, 1804, P. L. 131, owns and operates a turnpike road extending westerly from Lancaster through Elizabethtown to Middletown, a distance of over twenty miles. That act of incorporation, after providing, among other things, for the location and construction of the turnpike between the points designated, contains elaborate provisions, involving the forfeiture of tolls and the imposition of fines and penalties designed to compel the company to keep its road in good repair. By Act of February 10, 1851, P. L. 44, the plaintiff borough was incorporated out of territory extending along both sides of the defendant turnpike within the limits of the borough. By the Act of March 24,

1852, P. L. 178, the said borough became subject to the provisions of the general borough Act of April 3, 1851, P. L. 320. The act of 1871, under which this suit was brought, after reciting in its preamble the charter acts of the plaintiff borough, and that defendant company since 1851 "hath charged and collected toll or tolls on and upon that portion of their turnpike way passing through the limits of the said borough, but, nevertheless, do not keep the said portion in good repair, but refuse to do so, and to keep the same repaired, graded and regulated according to the ordinances of said borough," proceeds to authorize the borough to make all needful repairs to the turnpike, within the limits of said borough, and to collect the cost thereof by suit in a method entirely different from that theretofore existing. The act also contains this drastic provision : " In all action or actions or suits brought to recover said costs or expenses, it shall be only lawful for the defendant to deny that the work was done or material furnished, or to prove that the price charged is greater than the value thereof, or that the amount claimed has been paid and released." Under this provision the court permitted the plaintiff to call numerous witnesses who testified that the repairs were needful, but refused the defendant the privilege of denying it. The amount claimed by plaintiff for repairs was $2,808.50. In closing the plaintiff's case it was stated that the borough had "no ordinance by which the street or road here in controversy was ever ordained as a street by the borough, so far as the plaintiff has been able to find. Test. 130, Apx."

The fundamental question is whether the act of 1871 is a valid statute authorizing a recovery in this case. Its title is : " An act entitled ' A supplement to an act erecting the villages of Mount Joy and Richland and their vicinity, in the county of Lancaster, into a borough to be called the borough of Mount Joy ' passed the tenth day of February, one thousand eight hundred and fifty-one."

As was said by this Court in Phœnixville Road, 109 Pa. 44, " While it may be difficult to formulate a rule by which to determine the extent to which the title of a bill must specialize its objects, it may be safely assumed that the title must not only embrace the subject of proposed legislation, but also express the same so clearly and fully as to give notice of the legislative

purpose to those who may be specially interested therein. Unless it does this it is useless."

The decisions relating to the titles of supplemental legislation do not depart from the foregoing rule. They can be sustained only on the ground that they give notice of the legislative purpose, to those specially interested, by reference to the original act. Accordingly, in Pottstown Borough, 117 Pa. 538, Mr. Justice CLARK said: " In the case of a supplement, where the subject of the original act is sufficiently expressed in its title, and where the provisions of the supplement are germane to the original, the true rule is that the subject of the supplement is covered by a title which contains a specific reference to the original by its title, and declares it to be a supplement thereto."

In the supplemental act of 1871, under consideration, the title of the original act is quoted, verbatim, but this title, as well as the body of the original act will be searched in vain for any reference to the rights or duties of the defendant corporation, or any intimation that they are to be affected in the slightest degree. The supplemental act does in fact impose serious burdens upon the defendant corporation which did not theretofore exist. Not the least of these is the provision as to evidence, above quoted. It also provides a new mode of collecting the cost of repairs. While the act itself provides for notice to the defendant corporation before the borough shall undertake repairs (and the same would be required of any ordinance which might affect the rights of the property owners), the legislature undertook to pass the act, seriously affecting the rights of defendant corporation without notice or opportunity to be heard. This the constitution does not permit. This conclusion is warranted not only by the reason and application of the rule above cited, but also by the authority of several carefully considered cases. In Ridge Avenue Pass. Ry. Co. v. Philadelphia, 124 Pa. 219, the title of the act under consideration was, " An act relating to the Ridge Avenue Passenger Railway Company." After providing for the use and maintenance of the lines of railway as they were then laid, constructed and used, that act, by its repealing clause, in effect, relieved the company from its original charter obligations to repair and repave the streets occupied by it in the city of Philadelphia. In an opinion by the then learned president of common pleas No. 2 of Philadel-

phia, which was adopted by this Court, it is said: "The effect was to give the bill a double aspect, on one side relating to the railway company, and releasing them, and on the other to the city of Philadelphia, and not only depriving her of the needful control provided for when the company was originally chartered, but of the right to require the company to keep the streets in order. Can such an act be said to have only one subject clearly expressed in the title? Had it been entitled, 'An act relating to the Ridge Avenue Railway Company and the city of Philadelphia,' it might justly have been said to have a single clearly defined subject, namely, the relations between the two specifically defined bodies; and had the people of Philadelphia and their representatives at Harrisburg failed to inquire what these relations were, and how they were affected by the repealing clause, it might have been just to regard them as in default, although the notice even then would have been scant in rendering it necessary to examine the charter of the railway company in order to ascertain the truth. But, as the matter actually stood, there was nothing to put them on inquiry or suggest the idea that a bill denoting an intention simply to regulate the railway bore hardly on the city."

In Philadelphia v. Ridge Avenue Passenger Railway Co., 142 Pa. 484, the same act was again considered, and it was held that the title gave no notice of an intention expressed in the act to reduce the tax on dividends of the company payable to the city; and as to such tax the act was held unconstitutional.

In Phœnixville road, supra, an act entitled "An Act relating to Boroughs in Chester county," repealing certain provisions of a general act respecting the proceedings for laying out and opening roads within the boroughs of Chester county, the effect of which was to relieve the property owners in the boroughs and to shift the burden upon the county, was held to be unconstitutional because the title failed to give notice of the legislative purpose, so far as the county was concerned.

On principle as well as authority we think the act in question is clearly unconstitutional, and no action can be maintained thereunder. In this view, as already observed, the subordinate questions require no further notice. It follows that the judgment cannot be sustained.

Judgment reversed, and judgment in favor of the defendant for costs.