Allentown v. Wagner, Appellant.

*Constitutional law—Title of act—Municipalities—Act of March 30, 1903, P. L. 115.*

The Act of March 30, 1903, P. L. 115, entitled "An act amending clause 22, of section 3, article 5, of an act entitled 'An act providing for the incorporation and government of cities of the third class' approved the twenty-third day of May, 1889," authorizing the establishment of a hospital for contagious diseases outside the limits of a city sufficiently expresses its purpose in its title, and is constitutional.

The restrictions of the constitution upon legislation apply to direct legislation, not to the incidental operation of statutes constitutional in themselves upon other subjects than those with which they directly deal.

The words "within the county adjacent" in the Act of March 30, 1903, P. L. 115, do not apply to the site or location of the hospital, but to the county in which it and the city are situated. The hospital may be located in an adjacent township within the same county.

*Statutes—Repeal—Municipalities—Hospital for contagious diseases—Acts of April 11, 1899, P. L. 38, and March 30, 1903, P. L. 115.*

The Act of March 30, 1903, P. L. 115, authorizing cities of the third class to establish hospitals for contagious diseases outside of the limits of the city, does not repeal the Act of April 11, 1899, P. L. 38, giving certain powers to school boards over matters relating to the public health. The two acts create a situation of concurrent powers in two bodies over the same subject, each bound to act with due regard to the other and in case of disagreement necessarily coming to the court for adjustment.

*Municipalities — Hospitals — Hospitals for contagious diseases — Act of March 26, 1903, P. L. 63.*

It seems that under the act of March 26, 1903, P. L. 63, cities may erect hospitals for contagious diseases without the city limits.

Argued Jan. 29, 1906. Appeal, No. 162, Jan. T., 1905, by defendants, from judgment of Superior Court Oct. T., 1904, No. 30, affirming decree of C. P. Lehigh Co., April T., 1904, No. 2, awarding perpetual injunction in case of City of Allentown and C. J. Otto, President of the Board of Health, v. Robert A. Wagner et al., Directors of the School District of Salisbury Township, Lehigh County, and the Board of Health of said Township. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Appeal from Superior Court. See 27 Pa. Superior Ct. 485. The opinion of the Supreme Court states the case.

*Error assigned* was judgment of the Superior Court.

*Clinton A. Groman,* with him *Milton C. Henninger,* for appellants.

*Leo Wise,* city solicitor, with him *Francis G. Lewis,* former city solicitor, for appellees.

OPINION BY MR. CHIEF JUSTICE MITCHELL, February 26, 1906 :

Section 2 of the Act of March 30, 1903, P. L. 115, enacts that clause 22 of section 3, article 5, of the Act of May 23, 1889, P. L. 277, shall be amended to read, " To erect or purchase, establish and maintain, hospitals, prisons, workhouses, and houses of correction for juvenile and other offenders, and to prescribe regulations for the government thereof, and also to erect all public buildings necessary for the use of the city and of any department thereof; to purchase or take, use and occupy private lands upon which to erect any of the said buildings ; to purchase, take, use and occupy within the limits of the respective city, or within the county adjacent thereto, private lands, upon which to establish and maintain a hospital or hospitals for the treatment and separation of persons suffering with contagious and infectious diseases."

The first clause of this section, down to the words " department thereof " is a re-enactment in the same terms of the original section 22 of the act of 1889, and is not now in question. But the constitutionality of the succeeding clause authorizing the establishment of a hospital for contagious diseases outside the limits of the city is disputed on the ground that no notice of such power is expressed in the title to the act.

The title to the act of 1903 is " An act amending clause twenty-two, of section three, article five. . . . of an act entitled ' An Act providing for the incorporation and government of cities of the third class,' approved the twenty-third day of May, A. D. 1889. . . ."

The act of 1889 is an elaborate and detailed system for the government of cities of the third class. It occupies fifty-five pages of the pamphlet laws, and is divided into nineteen articles covering 145 sections, one of which, section three of ar-

ticle five with which we are now concerned, has forty-seven separate and independent clauses dealing with the municipal powers granted. Any reference to the act, therefore, in subsequent legislation, necessarily carries with it notice of a very extensive range of important subjects which may be involved in the new law.

The act of 1903 refers expressly in its title to the specific provisions of the act of 1889 now involved, namely, clause 22 of section 3, of article 5, and turning to that clause it appears that it provides, inter alia, for the establishment and maintenance of hospitals. The act of 1903 enlarges the municipal power for the same purpose, so as to include not only the specific class of hospitals for contagious diseases, but also the location outside as well as within the city limits. Nothing could be more entirely germane to the subject of the original act, and that under all our cases is the test of constitutionality in the title of a supplementary statute : State Line, etc., R. R. Co's. Appeal, 77 Pa. 429 ; In re Pottstown Borough, 117 Pa. 538 ; Millvale Boro. v. Evergreen Ry. Co., 131 Pa. 1 (18).

The appellants conceding the general rule, as expressed above, nevertheless urge that there is nothing in the title of the amending act to give notice to others than the people of the city itself that their interests may be affected by the proposed legislation. There are cases in which the same or similar objections have been held to defeat the statutes : Quinn v. Cumberland Co., 162 Pa. 55 ; Boro. of Mt. Joy v. Lancaster, etc., Turnpike Co., 182 Pa. 581. But these are exceptional. In a statute covering so extensive a field, and so many important subjects it is manifestly impossible that the title should give detailed notice to all parties whose interests may be in some manner affected. And even if it did so, very material interests might still be adversely affected without transgressing the rule of prohibition. Thus in the case before us the city of Allentown by building its pesthouse just within its own limits but immediately adjoining a closely built and populous portion of Salisbury township might affect the health and interests of the people of the township far more than by building it in its present location on Lehigh mountain, and yet the city would be clearly within the letter of its statutory rights.

The subject has inherent difficulties which must be handled

with due regard to the circumstances, when the cases arise.   In
Allegheny County Home's Appeal, 77 Pa. 77, it was said, by
Chief Justice AGNEW, " The course of decision in this court
has been intended to carry out the true intent of the amend-
ment of 1864 as to the title and subject of bills, instead of re-
sorting to sharp criticism which must often bring legislation to
nought.   The amendment of 1864 was in substance proposed
in the constitutional convention of 1837–38 and rejected because
it was feared it would render legislation too difficult and un-
certain, and lead to litigation.   It will not do therefore to im-
pale the legislation of the state upon the sharp points of criti-
cism, but we must give each title, as it comes before us, a
reasonable interpretation ut res magis valeat quam pereat."
In reference to subjects which do not appear by name in the
title, it was said in In re Sugar Notch Borough, 192 Pa. 349,
(356), " The restrictions of the constitution upon legislation
apply to direct legislation, not to the incidental operation of
statutes constitutional in themselves upon other subjects than
those with which they directly deal."   This is the most specific
expression that has yet been evolved, of the general rule as to
subjects affected but not directly intended to be legislated
upon.   In that case an act entitled " A further supplement to
an act . . . . entitled a supplement to an act for the regula-
tion of boroughs," etc., was held not to be defective in title
because in regulating boroughs it incidentally regulated coter-
minous school districts, though the title gave no express notice
to the school districts that they would be affected.   Another
illustration closely in point with the present case is in In re
Borough of Pottstown, 117 Pa. 538, where the title " A sup-
plement to an act for the regulation of boroughs," etc., was
held sufficient for an act which authorized the borough to take
in part of the territory of the adjoining township, though no
express notice was given in the title to the people of the town-
ship, our late Brother CLARK holding that as the subject of the
supplement was entirely germane to that of the original act, it
was sufficiently expressed in the title.   See also on this subject
Com. ex rel. v. Dickert, 195 Pa. 234, and Com. v. Gilligan, 195
Pa. 504.

The objections to the constitutionalty of the act cannot be
sustained.

The appellants, who were defendants in the bill, asked the judge hearing the case for special findings of fact that the act of 1903 was in conflict with the Act of April 11, 1899, P. L. 38, and that the latter was not repealed by implication.    The first request was refused and the second, though not formally answered, was in effect affirmed.    The act of 1899 empowers the school directors of a township to " make and enforce all needful rules and regulations to prevent the introduction and spread of contagious and infectious diseases by the regulation of intercourse with infected places, by prohibiting from attending any public school any child or other person belonging to or residing with the family of any person or residing in the same house in which any person may be suffering from " certain enumerated diseases.    The main intent of this act was clearly to give the school boards control over the attendance and health of the schools, though the language is perhaps broad enough to confer the general authority of a board of health within the indicated limits.    But if there should be any conflict the act of 1903 being the later expression of the legislative will, and also an act of wider scope, must prevail.    The learned judge, however, rightly held that there is no necessary conflict.    It is a case of concurrent powers in two bodies over the same subject, each bound to act with due regard to the other, and in case of disagreement necessarily coming to the court for adjustment.    A pesthouse in some sense is a menace and a danger anywhere, but it must go somewhere, and the commonwealth interested as parens patriæ in the welfare of all its citizens has in this instance delegated to cities of the third class the decision of the location where its hospitals can be placed with the least danger.

The remaining assignment of error is to the construction of the word "adjacent" in the act of 1903.    The court found that the hospital was located on Lehigh mountain, within the township of Salisbury and county of Lehigh, but three and a half miles from the limits of the city of Allentown.    It is sufficient to say that the word "adjacent" in the statute does not apply to the site or location of the hospital, but to the county in which it and the city are situated.

This case was treated in the common pleas and Superior Courts, and has been argued here as depending upon the Act of March 30, 1903, P. L. 115, and in deference to that view

we have so considered it.   But the appellee cites the Act of March 26, 1903, P. L. 63, which enacts " that the several cities of this commonwealth shall have power to acquire by purchase any real estate within the city limits, which they may need, upon which to erect or construct necessary municipal buildings, fire-engine houses, gas and electric light works, and, within or without the city limits, within the same county upon which to erect hospitals, waterworks, and for the purpose of a poor farm," etc., with further provisions for condemnation of such real estate where the city and the owner cannot agree.   We do not see why this act did not make an end of the contention in the present case, unless a distinction is attempted to be drawn between a hospital in general under this act, and a hospital specifically for contagious diseases under the act of March 30, a distinction which could not be sustained by anything in either act.

Decree affirmed at the costs of appellant.