# Commonwealth ex rel. *v.* Dale Borough, Appellant.

*Constitutional law—Title of act—Amending Act—Acts of June 27, 1913, and July 6, 1917—Municipalities—Boroughs—Annexation—Cities of the third class.*

1. If the title of an act does not fairly give notice of the contemplated legislation, so as to reasonably lead to inquiry as to what is contained in the body of the bill, section 3, of article III, of the Constitution is violated, and the legislation in regard to it must fall.

2. Where the title of an amending act quotes the title of the act to be amended, the courts, in considering the sufficiency of the title of the supplementary act, must treat the part quoted as a part of the title of the later act.

3. The title of the Act of July 6, 1917, P. L. 751, which amended section 1, article III, of the Third Class City Act of June 27, 1913, P. L. 568, is insufficient, because it fails to give notice of the provision requiring a borough council to pass an appropriate ordinance asking annexation when three-fifths of the taxable inhabitants so request. The amending act is therefore unconstitutional.

4. The act attempts, not to regulate what the cities of the third class may do in the matter of increase of limits, but to impose an entirely new obligation upon municipalities of an entirely different class, such as boroughs.

Argued September 27, 1921. Appeal, No. 72, Oct. T., 1921, by defendant, from order of C. P. Cambria Co., Dec. T., 1919, No. 6, awarding peremptory mandamus, in case of Commonwealth ex rel. D. P. Weimer, District Attorney, v. Burgess and Town Council of the Borough of Dale. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Petition for mandamus.  Before STEPHENS, P. J.
The opinion of the Supreme Court states the facts.
Mandamus awarded.  Defendant appealed.

*Error assigned,* inter alia, was order, quoting it.

*D. P. Weimer,* with him *George C. Keim* and *W. A. McGuire,* for appellants.—If by its title an act appears to affect only the residents of a certain locality, while in the body of the bill there are provisions affecting other territory, it has been held that the title is misleading and the act unconstitutional: Payne v. School Dist., 168 Pa. 386, 391; Phila. v. Ry. Co., 142 Pa. 484; Quinn v. Cumberland Co., 162 Pa. 55; Ridge Ave. Pass. Ry. Co. v. Phila., 124 Pa. 219; Co. Com'r's Petition, 255 Pa. 88; Fedorowicz v. Brobst, 254 Pa. 338.

*Lee C. Beatty,* with him *Howard W. Stull,* for appellees, cited: Lackawanna Twp., 160 Pa. 494; Morrellville Boro. Annexation, 7 Pa. Superior Ct. 532; Pottstown Boro., 117 Pa. 538; Sugar Notch Boro., 192 Pa. 349; Allentown v. Wagner, 214 Pa. 210.

OPINION BY MR. JUSTICE SADLER, January 3, 1922:

The Borough of Dale adjoins the City of Johnstown, and certain of its citizens desired that it be annexed thereto.  A petition, purporting to be signed by three-fifths of the taxable inhabitants, was presented to the town council, requesting that appropriate municipal action be taken to effect this end.  After investigation, the borough authorities determined that the requisite number of signers, as fixed by the Act of July 6, 1917, P. L. 751, had failed to join.  Further, the existence of any valid legislation requiring the passage of an ordinance, such as asked for, without approval by council of the action proposed, was challenged.  It therefore refused to act affirmatively upon the application.  The court of common pleas subsequently issued a writ of

peremptory mandamus, and, from the judgment entered, this appeal is taken.

It is contended, first, that the act of assembly, upon which the proceeding rests, is void in that the legislation is violative of article III, section 3, of the Constitution. This makes necessary a consideration of the applicable statutes. The Act of July 6, 1917, P. L. 751, is called an amendment to section 1 of article III of the Third Class City Act of 1913, and recites the title of the earlier law. That enactment (June 27, 1913, P. L. 568), made provision, as expressed in its title, "for the incorporation, regulation and government of cities of the third class; regulating the nomination and election of municipal officers therein; and repealing, consolidating and extending existing laws in relation thereto." In considering the sufficiency of the title to the supplementary act, what has been quoted must be treated as a part thereof, and if the provisions found in the amendment are germane to the subject of the original, it must be upheld: Pottstown Borough, 117 Pa. 538.

"While we have repeatedly said that the title to an act of assembly need not be a complete index to its contents embodying all the distinct provisions of the bill, we have as often declared that if it does not fairly give notice of the contemplated legislation, so as to reasonably lead to inquiry as to what is contained in the body of the bill, the 3d section of the 3d article of the Constitution is violated, and the legislation in disregard of it must fall. The purpose of this constitutional provision is to give information to the members of the legislature, or others interested, by the title of the bill, of the contemplated legislation, and thereby to prevent the passage of unknown and alien subjects which may be coiled up in its fold": Fedorowicz v. Brobst, 254 Pa. 338, 341. The prohibition applies only, however, to direct legislation, and not to the incidental operation of statutes, valid in themselves, upon subjects other than those with which they expressly deal: Sugar Notch

Borough, 192 Pa. 349; Allentown v. Wagner, 214 Pa. 210.

The title to the Act of 1913, repeated in and to be read with that of the Supplement of 1917, is broad and comprehensive, indicating clearly an intention to regulate the affairs of cities of the third class. In this respect it is like the earlier law of 1889 (May 23, P. L. 227), and is couched in general terms, similar to those used in the enactments fixing the powers of municipalities of the various classes. By its 3d article, provision was made for annexation of an adjacent borough, upon its application, and for the addition of other lands adjoining, after action by the grand jury, predicated upon the preliminary consent of the city. In both instances, the admission depends upon the approval of the municipal authorities, and doubtless the title to the Act of 1913 is sufficiently full to justify appropriate action by the city, as provided therein. Harris's Appeal, 160 Pa. 484 (based on the Act of 1889), and Pottstown Borough, 117 Pa. 538 (based on the Borough Act of 1851), cases relied upon by the learned court below, support this proposition, but do not control the present contention.

A different situation arises in dealing with the Act of 1917. It attempts, not to regulate what the cities of the third class may do in the matter of increase of limits, but imposes an entirely new obligation upon an independent municipality, in requiring the borough council to pass an appropriate ordinance asking annexation when three-fifths of its taxable inhabitants so request. A reading of the title, in connection with that of 1913, expressly defined to be applicable only to third class cities, would indicate no such legislative purposes. Such mandatory action by the council of an adjoining borough is more than an incident to the operation of the earlier statute. The placing of new burdens and imperative duties upon it finds no suggestion in the title, and, under such circumstances, statutes have always met with condemnation when brought to our attention: Quinn v.

Cumberland County, 162 Pa. 55; Payne v. School District, 168 Pa. 386; Mt. Joy Boro. v. Lancaster Turnpike, 182 Pa. 581; Daily v. Potter County, 203 Pa. 595; County Commissioners' Petition, 255 Pa. 88; Wright v. Luzerne County, 67 Pa. Superior Ct. 618. We see no reason for departing from this rule in the present case, and conclude, therefore, that the Act of July 6, 1917, is void and unenforceable.

Another question, raised on this appeal, becomes unimportant in view of the conclusion reached. It was insisted that an improper method was adopted in determining who were "taxable inhabitants," entitled to become petitioners for annexation. A discussion of the rulings made by the court below is now unnecessary, but the failure to comment upon the objections made is not to be understood as indicating an approval of the principles applied.

The decree of the court below is reversed, and it is ordered that the petition be dismissed at the cost of the appellee.