# State Line and Juniata Railroad Company's Appeal.

1. It is sufficient if the title of an act fairly give notice of its subject so as reasonably to lead to an inquiry into the body of the bill.

2. An original act was, "To incorporate the State Line, &c., Railroad," another was "A supplement to an act to incorporate the State Line, &c., Railroad;" another, "A further supplement to an act to incorporate the State Line, &c., Railroad." All the provisions in both supplements related to the State Line, &c., road. The object of the supplements was sufficiently expressed in their titles, the object being germane to the original act.

February 12th 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Appeal from Nisi Prius: In Equity: No. 15, to January Term 1873.

This proceeding was commenced by bill filed by Jackson Lyons against The State Line and Juniata Railroad Company.

The bill set out that the defendants were incorporated under an Act of Assembly approved April 5th 1870 (Pamph. L. of 1871, p. 1484), entitled "An act to incorporate the State Line and Juniata Railroad," which authorized the defendants to construct a railroad from a point where the Maryland line crosses Licking

[State Line & Juniata Railroad Co.'s Appeal.]

creek in Franklin county, Pennsylvania, thence, &c., to connect
with the Pennsylvania Railroad near Mount Union, in Huntingdon
county, with authority to connect with or cross any other rail-
roads in Huntingdon or the adjacent counties, built or to be built,
and to extend its road to Lake Erie.

A supplement was approved May 18th 1871.(Pamph. L. 935),
entitled "A supplement to an act entitled 'An act to incorporate
the State Line and Juniata Railroad.'" The supplement autho-
rized the company to locate their road and branches without refer-
ence to the terminal and intermediate points mentioned in the
original act, and to extend their road as the directors might judge
would enable them to make proper connections with other rail-
roads and to erect a telegraph line.

"A further supplement to an act entitled 'An act to incorporate
the State Line and Juniata Railroad,'" approved March 6th 1872
(Pamph. L. 230), gave the company power to build such branches,
by such routes and to such points as the directors might deem ex-
pedient, to commence the main line and branches at any points
the directors might determine, cross other roads at grade, build
and maintain bridges, &c.

On the 7th of September 1872, the directors of the defendants
instructed the chief engineer to locate their railroad; the main
line to commence, &c., and extend the line through Chester, Dela-
ware and other counties, by way of Newtown Square, &c., with
branches, &c., "the second to commence at or near Newtown
Square, in Delaware county, and extend," &c.

The defendants, without plaintiff's consent, entered into a tract
of land belonging to him in Delaware county, and had surveyed
through it a piece of ground of the width of sixty feet, containing
an acre and a half, and had notified the plaintiff that they intended
to take and construct a railroad on it. The defendants had given
bond as security for the damages to the plaintiff in consequence
of locating their railroad, &c.

The prayers were to restrain the defendants from taking the
land, &c., and that the above-mentioned Acts of Assembly "be de-
creed to be unconstitutional and void."

The defendants demurred to the bill on the ground of want of
equity, "in that the defendants are authorized by said statutes to
do the acts complained of."

The court at Nisi Prius decreed the Acts of Assembly unconsti-
tutional and void, and that the defendants be enjoined from taking
the land, &c.

The defendants appealed to the court in banc and assigned for
error: decreeing that the Acts of Assembly were unconstitutional
and void, and enjoining defendants from locating, &c., their road
on plaintiff's land.

*G. L. Crawford* and *B. H. Brewster* (with whom was *G. W.*

*McPherran*), for appellants.—The subject of the supplements is sufficiently expressed in the titles. The title is not required to be a complete index of an act: Gifford *v.* Railroad, 2 Stockton 171; Morford *v.* Unger, 8 Clark 86; Parkinson *v.* State, 14 Md. 185; Reed *v.* State, 22 Ind. 641; Church St., 4 P. F. Smith 353; Blood *v.* Mercelliott, 3 Id. 391; Commonwealth *v.* Green, 8 Id. 226; Yeager *v.* Weaver, 14 Id. 427; Dorsey's Appeal, 22 P. F. Smith 192; Allegheny County Home's Appeal, *antea* 77; Sedgwick on Statutory Laws 517-530. "An act to amend, &c.," is sufficient if its contents are germane to the original act: Swartwout *v.* Michigan Railroad, 24 Mich. 389; Brandow *v.* State, 16 Ind. 197.

*H. Hazlehurst* and *Hazlehurst*, for appellee.

Mr. Justice PAXSON delivered the opinion of the court, February 23d 1875.

In Allegheny County Home's Appeal, *ante* 77, it was held that, "if the title fairly gives notice of the subject of the act so as reasonably to lead to an inquiry into the body of the bill, it is all that is necessary." Applying this rule to the case before us, we do not regard the acts referred to as offending against the Constitution because their subject is not clearly set forth in their titles. One of said acts is entitled " A supplement," and the other " A further supplement to an act entitled ' An act to incorporate the State Line and Juniata Railroad.' " An examination of the said supplements discloses the fact that all the legislation contained therein relates to the State Line and Juniata Railroad. The true rule is, that where the legislation in the supplement is germane to the subject of the original bill, the object of such supplement is sufficiently expressed in the title. This is not inconsistent with the former rulings of this court as contained in Blood *v.* Mercelliot, 3 P. F. Smith 391; In re Church St., 4 Id. 353; Commonwealth *v.* Green, 8 Id. 226; Yeager *v.* Weaver, 14 Id. 427; Dorsey's Appeal, 22 Id. 192; Union Passenger Railway Appeals, Leg. Int. 1872, p. 380; nor with the decisions in several other states, as collected in Sedgwick on the Construction of Statutory and Constitutional Law, in the edition of 1874, pp. 517-30. The amendment to the late Constitution, under which this question arises, section 8 of article 11, was adopted in 1864. An examination of the Pamphlet Laws since that time discloses the fact that one hundred and thirteen "supplements," and "further supplements" to railroad charters have been passed. Embracing other corporations, there are about fourteen hundred. This is important, not only as showing the extent of the interests to be affected by our decision, but also as exhibiting the uniform construction placed upon this section by the legislative and executive depart-

ments of the government. While we are not bound by their construction, it is nevertheless entitled to weight, and should always be treated with respect. In view of this unbroken current of legislation, we are constrained so to treat this question as not to obliterate from our statute book a large number of acts under which important and costly improvements have been commenced, and rights have become vested. The construction now claimed for this clause of the Constitution, if adopted by this court, would unsettle the business of the state to an extent beyond the capacity of any one to define. That we are not bound to do so is sufficiently clear both upon reason and authority.

The decree is reversed, and the bill dismissed with costs.