# Kittanning Borough *v.* Mast.

*Public officers—County treasurer's fees—Liquor licenses due boroughs.*

Money collected by a county treasurer for the use of a borough which represents liquor license, fees must be paid over by such treasurer to said borough without any deduction of fees for services rendered.

The duty is imposed by statute, and if the treasurer makes default he is primarily liable to the party to whom the money is due.

Argued May 16, 1900.   Appeal, No. 223, April T., 1900, by defendant, in suit of the Burgess and Town Council of the Borough of Kittanning against Frank Mast, from judgment of C. P. Armstrong Co., Sept. T., 1899, No. 213, on verdict for plaintiff.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.   Opinion by OR-LADY, J.

Assumpsit.   Before MILLER, P. J.

It appears from the record that this action was brought by Kittanning borough to recover $108 from defendant, which he retained out of the proportion of the liquor license fees received by him due the said borough of Kittanning.

The defendant holds the said $108, claiming it as his lawful fees for services for collecting the license fees as aforesaid for the years 1898 and 1899.

In the year of 1898 defendant collected for the use of the said borough of Kittanning $1,080, and in the year 1899 a like amount, or in all $2,160.

In Armstrong county the county treasurer receives no salary, and the only compensation for money collected and paid out by him according to law is a legal rate per cent or reasonable commission.

The county commissioners with the approbation of the county auditors fixed the compensation of the said treasurer for the years 1898 and 1899 at the sum of one and one half per cent for all moneys collected by him, and the sum of one and one half per cent for all moneys paid out by him up to $60,000 and thereafter the sum of one half per cent for receiving and one half per cent for paying out all sums over $60,000,

The defendant contended at the trial, first, that $108 was a reasonable amount for collecting $2,160 and paying the same over to the borough treasurer, and that he had a legal right to retain this amount; or, second, that he had a right to the compensation as fixed by the county commissioners and county auditors at least.

The plaintiff refused to allow any compensation.

Out of the moneys collected in 1899, the treasurer retained the sum of $108, as aforesaid, his commissions for both years 1898 and 1899. The defendant has not received any other compensation whatsoever for collecting said money for the plaintiff borough and paying out the same to the borough treasurer.

Defendant submitted the following points:

[1. The court is requested to charge the jury that if they find that five per cent of $2,160, or the amount retained by Mr. Mast in this case was a fair and reasonable compensation for the services performed in reference to the license fees in controversy, that the verdict of the jury should be for the defendant. *Answer:* Refused.] [2]

[2. In the event of the refusal of the court to affirm this point, the court is requested to charge the jury that, this being a county having a population under 150,000, the treasurer is entitled to receive fees for paying out and receiving the license fees aforesaid, and the responsibility incurred thereby, to the amount of one and one half per cent for receiving, and the same amount for paying out the same to the borough of Kittanning, and that he, the defendant, should be allowed a credit of this amount as against the claim of the plaintiff. *Answer:* Refused.] [5]

[3. That under all the evidence the verdict should be for the defendant. *Answer:* Refused.] [3]

The court charged the jury in part as follows:

[No act has been pointed out to the court which would authorize fees to be paid to the county treasurer for collecting these funds, and there being no act which allows him compensation he takes that duty cum onere, and can only get compensation when the legislature passes an act allowing him compensation. We, therefore, direct you, if you believe the uncontradicted evidence, to render a verdict in favor of the plaintiff for $108 and its interest.] [1] . . . .

[Being of the opinion, therefore, that the county treasurer, the defendant in this case, in collecting this money collected it for the borough of Kittanning, and not for the county of Armstrong, and that he was only accountable to the borough of Kittanning and not to the county, and that the county would in no way be liable for any default that he might make, we hold that the money was not collected for or on account of the county. Therefore, the acts of assembly which provide that compensation should be paid him for money collected for the county are not applicable to this case.] [4]

Verdict and judgment for plaintiff for $111.34. Defendant appealed.

*Errors assigned* were (1, 4) to portions of the judge's charge, reciting same. (2, 3, 5) Refusal of defendant's points, reciting points and answers.

*H. L. Golden,* with him *Rush Fullerton,* for appellant.—It is held by Judge ERMENTROUT in the case of Reading City v. Kutz, 21 Pa. C. C. R. 28, that the county treasurer receives such license fees as we have been discussing in his official capacity as county treasurer, and is a receiver and paymaster acting for and on behalf of the county and entitled to such compensation for his services as is fixed by the county commissioners and auditors.

This doctrine is clearly set forth in the case of County of Schuylkill v. Pepper, 182 Pa. 13.

*Ross Reynolds,* with him *H. A. Hileman,* for appellee.—From the cases of Wayne Co. v. Waller, 90 Pa. 99, Lehigh Co. v. Semmel, 124 Pa. 358, Mercer Co. v. Patterson, 2 Rawle, 106, Irwin v. Northumberland Co., 1 S. & R. 505, and Brown v. Com., 2 Rawle, 40, and kindred cases may be drawn the rule without exception that where compensation is claimed, statutory authority must be shown, and further that with public officers there may be duty without compensation.

We submit to the court there is no act of assembly authorizing the county treasurer of Armstrong county to retain the commissions claimed by him: Act of May 13, 1887, P. L. 108, sec. 8.

That it is not county money to be blended with the county funds and paid out on county warrants the case of Com. v. Martin, 170 Pa. 118, conclusively determines.

OPINION BY ORLADY, J., July 26, 1900:

The defendant, as county treasurer, collected for the use of the borough of Kittaning the sum of $2,160 which represented liquor license fees; and retained out of that sum $108 as his fees for services rendered. He was duly elected treasurer of Armstrong county and the license fees were paid to him under the statutes as such. He is compensated for his services under, and by, the joint resolutions of the county commissioners and auditors by which he is allowed to retain "the sum of one and one half per cent for all moneys collected by him, and the sum of one and one half per cent for all moneys paid out by him up to $60,000, and thereafter the sum of one half per cent for receiving and one half for paying out on all sums over $60,000." The Act of April 15, 1834, P. L. 537, secs. 37, 38, defines the duties of a county treasurer to be as follows: "to receive all moneys, (amongst others, from licenses to tavern keepers) due or accruing to the county, and to pay the same on warrants drawn by the commissioners." By the Act of May 27, 1841, P. L. 400, sec. 1, the officer is to "perform all the duties enjoined by law on the several county treasurers of this commonwealth." Section 8 of the Act of May 13, 1887, P. L. 108, provided "that all persons licensed to sell at retail any spirituous, vinous, malt or brewed liquors, or any admixture thereof . . . . shall be classified and required to pay to the city or county treasurer annually for such privilege, certain specified sums for the use of the commonwealth, counties, cities, boroughs and townships. Provided that counties, cities, boroughs and townships, receiving part of said licenses, shall bear their proportionate share of the expenses attending the collection of the same." The distribution of the money received from this source was changed by the Act of June 9, 1891, P. L. 248, . . . . the whole of the 8th section being dealt with, and it is, "amended so as to read as follows: . . . . ." The money to be required to be paid annually for the privilege of selling liquors and admixtures thereof at retail is directed to be paid to the treasurers of the respective counties,

and a designated proportion thereof for the use of the cities, counties, boroughs and townships. No reference is made to the proviso of the act of 1887 above cited, and its omission from the latter act is conclusive evidence of the legislative intention to exempt the cities, counties, boroughs and townships from their "proportionate share of the expenses attending the collecting of the same."

The county treasurer is the only person authorized by law to receive the license fees which are held by him for the use of the parties designated in the act of assembly. After the money, " due and accruing to the county," is in the county treasury, its disbursement is to be made by warrants drawn by county commissioners under authority of section 37, of the act of 1834. By the act of 1891 the fees to be paid by a person licensed in the borough of Kittanning is fixed at $150, and of this sum, one fifth of the amount of the license, shall be paid to the treasurer of the borough for its use, and the proportion due to the borough under that act cannot be held to be money " due and accruing to the county " under the act of 1834. On the contrary its payment is directed to be made to the treasurer of the borough for the use of the borough. The duty of receiving these fees is " enjoined upon him by law in behalf of the commonwealth " and his withholding from the borough part of its statutory proportion is a default in the faithful discharge of his duty.

As was said by the Supreme Court in Commonwealth v. Martin, 170 Pa. 118, " The county has no interest in any part of the license money except that part which the statutes direct shall be for its use. The treasurer has no power to pay the balance into the county treasury for the use of the county, but is bound to credit it to the account of the owner and pay it to the proper treasurer. This duty is imposed, not on the county, but on the county treasurer. He is the party primarily liable to pay. The county might be ultimately liable as the surety of its officer, and might be allowed to intervene whenever, upon equitable principles, a surety would be allowed to do so;" and further, " If it is received for the use of a city, borough, township or school district, it is the money of the municipality entitled to receive it for its own use, and it is the duty of the receiving officer to pay to the owner." This contingent liability of the county is recognized in Schuylkill County v. Pepper, 182 Pa. 13.

The amount to which the borough is entitled to receive is definitely stated in the act of 1891 to be "one fifth of the amount of the license," and this is not to be abated by the per centum of the county treasurer or any other expense incident to its collection.

In Schuylkill County v. Pepper, 182 Pa. 13, the question before the court was as to the right of a salaried county treasurer, in a county containing over 150,000 inhabitants to retain in his settlement with the county auditors commissions for services rendered such boroughs and townships which were in no way connected with his official duty to the county, and it was therein held that he could not do so.

While the Supreme Court says in that case that "The plain letter of the law and public policy demand that the commissions retained by the treasurer out of the boroughs', townships' and counties' portion should be turned into the county treasury, because he received them as a county treasurer," we do not interpret it as deciding that the county treasurer is authorized, after deducting one fifth of the amount of the license for the use of the county, to make any further deduction from the balance which by the act of 1891 is directed to be paid "to the treasurer of the respective borough for its use."

In Pittsburg v. Anderson, 194 Pa. 172, it was held that the salaried county treasurer of Allegheny county was not entitled to retain commissions upon the amount of liquor licenses collected and paid over to the city of Pittsburg by him. The fact that county treasurers in Schuylkill and Allegheny counties were salaried officials did not affect their duty as to receiving the license fees. The omission to provide for the compensation of the treasurer of Armstrong county for his services in receiving similar fees does not affect his duty in that matter. The emoluments of an officer are prescribed and allowed by law and may be altered, increased, reduced and regulated by law at all times except when the constitution has expressly forbidden it: 19 Am. & Eng. Ency. of Law, 526. Public officers are held subject to any change or increase of duties that may be imposed by the sovereign power,—an increase of duties conferring upon the incumbent no right to increased compensation, as for extra services: 19 Am. & Eng. Ency. of Law, 478.

The duty is imposed by the statute, and if he makes default

he is primarily liable to the party to whom the money is due. The primary right being in the borough, this action is properly brought, and the amount not being in dispute, the verdict is right.

The judgment is affirmed.