## Allentown *v*. Hartman, Appellant.

*Public officers—County treasurer—Compensation—Liquor license.*

Moneys collected by a county treasurer for the use of a city which represent liquor license fees, must be paid over by the treasurer to the city without any deduction of fees for services rendered.

*Public officers—County treasurer—County anditors—Assumpsit—Jurisdiction.*

A municipality may maintain a common-law action against the county treasurer for moneys unlawfully retained by him out of liquor license fees as compensation, although the county auditors have settled the treasurer's account and allowed him credit for the fees retained.

Argued Dec. 3, 1902.   Appeal, No. 49, Oct. T., 1902, by defendant, from order of C. P. Lehigh Co., April T., 1902, No. 15, making absolute rule for judgment for want of a sufficient affidavit of defense, in case of Allentown v. Sylvester J. Hartman.   Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Assumpsit to recover moneys alleged to have been unlawfully retained by county treasurer.

400, (1903).] Statement of Facts—Opinion of Court below.

The defendant filed the following affidavit of defense :

It is true, as alleged in the plaintiff's statement, that the defendant is the treasurer of Lehigh county and as such received into his hands the moneys set forth in the plaintiff's statement, and that he did retain as his commissions and for his services for the years 1900 and 1901, the several amounts as set forth in the plaintiff's statement, but alleges that he is entitled to the said sums as commissions for the moneys received and collected by him in his official capacity for the state, and for the moneys so collected and received by him for the state he is entitled under the statutes governing county treasurers to receive and retain his commissions thereon as provided by law; that the defendant in the collection of the license money provided for by statute is not acting for the county of Lehigh, but for and on behalf of the commonwealth of Pennsylvania, and therefore entitled to the commissions so collected as is provided for by statute, his services so required in the collection of said license money being distinct and separate duties imposed upon him by law, in addition to his duties as county treasurer, and in this capacity is acting as an officer or employee of the commonwealth, in the collection of the said moneys, and therefore entitled under the law to receive his commissions for said services.

The defendant further alleges that the commissions claimed by the plaintiff for the year 1901 have been fully adjusted and passed upon by the county auditors in their report of the moneys collected for the state by the defendant, in which account credit is taken by the defendant for the commissions claimed by the plaintiff for that year, and so passed upon and allowed, the report of the auditors duly filed as required by law, and no exceptions having been filed thereto, and no appeal taken therefrom by the plaintiff or any other person, the said matter of commissions has now become fully adjudicated and determined.

ALBRIGHT, P. J., filed the following opinion :

The ruling of the Superior Court in Kittanning Boro. v. Mast, 15 Pa. Superior Ct. 551, is decisive of the questions presented in this motion of plaintiff for judgment, under the rules of court, for want of a sufficient affidavit of defense. Plaintiff is entitled to judgment.

Arguments against this view are answered by the suggestion that if such arguments were valid then judgment for the plaintiff would not have been rendered in said case. There the judgment was entered on a verdict in an action by the municipality against the county treasurer for a part of sums paid for liquor licenses, retained by him as compensation. In that case it was expressly decided that the treasurer is not entitled to any compensation for such services.

The affirming of the judgment involved the conclusion that the county auditors had no jurisdiction. The court observed that the primary right to the money being in the borough, the action was properly brought.

A common-law action does not lie where the county auditors have jurisdiction: Schuylkill County v. Boyer, 24 W. N. C. 29.

The action of the county auditors in a matter where they have not jurisdiction is void: Schuylkill County v. Minogue, 160 Pa. 164.

This meets the suggestion that the plaintiff cannot recover for what is claimed for 1900 as to which there is an unappealed auditor's report.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*J. Thomas Shantz* and *T. F. Diefenderfer* and *Edward Harvey*, for appellant, cited: Com. v. Martin, 170 Pa. 118; Kittanning Borough v. Mast, 15 Pa. Superior Ct. 51; Pittsburg v. Anderson, 194 Pa. 172; Glatfelter v. Com., 74 Pa. 74; Siggins v. Com., 85 Pa. 278; Potter County v. Oswayo Twp., 47 Pa. 162; Westmoreland County v. Fisher, 172 Pa. 317.

*Evan Holben* and *Francis G. Lewis*, with him *John L. Schwartz*, for appellee, cited: Kittanning Borough v. Mast, 15 Pa. Superior Ct. 51.

OPINION BY ORLADY, J., March 12, 1903:

The question involved in this case has been decided by this court in Kittanning Boro. v. Mast, 15 Pa. Superior Ct. 51, and the judgment is affirmed on the opinion of the court below.