# Stroudsburg Borough *v.* Shick, Appellant.

*Boroughs—Liquor law—License fees—Act of June* 9, 1891, *P. L.* 248.

A borough has a right to receive its proportion of the money collected for retail liquor licenses under the act of June 9, 1891, without abatement for commissions to the county treasurer. The county commissioners have no authority to permit the treasurer to deduct a specified percentage from such moneys. If the treasurer deducts such percentage, and pays over the balance, and receives a receipt for the money paid over, such a receipt is merely for payment on account, and the borough may subsequently recover the amount retained.

*Constitutional law—Title of act—Amending statute—Liquor law—Act of June* 9, 1891, *P. L.* 248.

The Act of June 9, 1891, P. L. 248, entitled "An act to amend the eighth section of the act entitled 'An act to restrain and regulate the sale of vinous and spirituous, malt or brewed liquors, or any admixtures thereof' approved May 13, 1887, providing that the license money shall be paid into the treasury of the city, county, borough and township, wherever the licensed places are situated, and increasing the amount of license to be paid in cities of the first and second class" is not unconstitutional as failing sufficiently to indicate in its title the omission of the clause in the act of 1887 providing for payment by the local beneficiaries of proportionate shares of the expense of collection, thus leaving no provision for commissions to the treasurer.

In the case of a supplement to an act, where the subject of the original act is sufficiently expressed in the title, and where the provisions of the supplement are germane to the subject of the original, the subject of the supplement is covered by a title which contains a specific reference to the original by its title, and declares it to be a supplement thereto.

Argued Jan. 11, 1904. Appeal, No. 38, Jan. T., 1904, by defendant, from order of C. P. Monroe Co., Feb. T., 1902, No. 18, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Stroudsburg Borough v. J. Milton Shick. Before RICE, P. J., SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit to recover moneys paid to defendant as liquor license fees.

The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*W. B. Eilenberger*, of *Eilenberger & Huffman*, for appellant. —If the amendment is construed to abolish the treasurer's commission on the amount of money collected for the townships and boroughs from the license fees it violates the constitutional prohibition on legislation, article 3, sec. 3, and article 3, sec. 6: Nester v. Spring Garden Farmers' Market Company, 161 Pa. 522.

To hold that the amendment of the act of 1891 repeals the provisions as to compensation in the act of 1887, would be misleading, obnoxious to the constitution and the decisions of our courts: Brown's Est., Evans' Appeal, 152 Pa. 401; Dorsey's Appeal, 72 Pa. 192; Mauch Chunk v. McGee, 81 Pa. 433; Union Pass. Ry. Co.'s App., 81 Pa. 91.

*John B. Williams*, for appellee.—The title of the act of 1891 is sufficient: Luzerne Water Co. v. Toby Creek Water Co., 148 Pa. 568; Pottstown Borough, 117 Pa. 538; State Line & Juniata R. R. Co.'s App., 77 Pa. 429; Downingtown Gas & Water Co. v. Downingtown Borough, 193 Pa. 255; Allegheny County Home's App., 77 Pa. 77.

The defendant's contention that the act of 1891 is unconstitutional by reason of the insufficient and misleading character of the title would be of but little weight were this an original act instead of an amended one: Sugar Notch Borough, 192 Pa. 349; Overseers of the Poor, Boggs Township v. Armstrong Co., 11 Pa. Superior Ct. 175; Greenfield Ave., 191 Pa. 290.

However, there is a decided distinction between the title to an original act and that of a supplement or amendment, the same degree of strictness not being required in the latter: Philadelphia v. Ridge Ave. Ry. Co., 142 Pa. 484.

Money collected by a county treasurer for the use of a borough which represents liquor license fees must be paid over to such treasurer of said borough without any deduction of fees for services rendered: Kittanning Borough v. Mast, 15 Pa. Superior Ct. 51; Allentown v. Hartman, 22 Pa. Superior Ct. 400.

OPINION BY SMITH, J., March 14, 1904:

The right of boroughs and cities to their respective proportions of the money received for retail liquor licenses, under the act of June 9, 1891, without abatement for commissions to

the county treasurer, has been settled by the decisions of this court in Kittanning v. Mast, 15 Pa. Superior Ct. 51, and Allentown v. Hartman, 22 Pa. Superior Ct. 400. No further discussion of this question is necessary.

In this case, there was nothing in the action of the county commissioners and auditors, fixing the treasurer's compensation, that gave him a right to the commissions here claimed, even if those officials were authorized to give commissions from moneys belonging to the borough. They fixed the compensation at a specified percentage on " the county money " received and paid out. The proportion of license taxes payable to the borough was not county money, but money of the borough.

The defendant paid the borough treasurer, each year, $912, being the proportion of license taxes belonging to the borough, less $48.00 claimed as commissions. In his affidavit of defense he avers that this was accepted " in full settlement of all license money due or owing said borough, for the current year." Even, however, if part of a debt may be paid as a satisfaction of the whole, the receipts incorporated in the affidavit fail to bear out this averment. The receipt, in 1897, is for " the above amount of $912 ; " in 1898, for " $912, being from license fees paid by hotel and restaurant keepers in the borough of Stroudsburg as per statement opposite ; " in 1899, for " $912, being from hotel and eating-house licenses in the borough of Stroudsburg, as per statement opposite." These are nothing more than receipts for payments on account.

The main contention of the appellant, however, is that the Act of June 9, 1891, P. L. 248, amending section 8 of the Act of May 13, 1887, P. L. 108, is unconstitutional, so far as it deprives the county treasurer of the compensation allowed by the act of 1887, for the reason that this provision is not clearly expressed in the title of the amending act. In the cases heretofore decided by this court, involving the treasurer's right to these commissions, this question does not appear to have been considered.

The purpose of the constitutional provision on this subject does not require that the courts should be astute in searching out reasons for pronouncing an act of assembly unconstitutional. " It will not do to impale the legislation of the state upon the sharp points of criticism, but we must give each title a reason-

able interpretation. If the title fairly gives notice of the subject of the act, so as reasonably to lead to an inquiry into the body of the bill, it is all that is necessary: " Appeal of Allegheny Co. Home, 77 Pa. 77. A still more liberal construction is given to the titles of supplemental and amendatory acts. " In the case of a supplement, where the subject of the original act is sufficiently expressed in its title, and where the provisions of the supplement are germane to the subject of the original, the true rule is that the subject of the supplement is covered by a title which contains a specific reference to the original by its title, and declares it to be a supplement thereto: " Appeal of State Line & Juniata Railroad Co., 77 Pa. 429; In re Pottstown Borough, 117 Pa. 538; Downingtown Gas & Water Co. v. Downingtown Boro., 193 Pa. 255. When the subject of the original act is clearly expressed in its title, " an act entitled a supplement thereto has a sufficient title to cover any matter within the purview of the original, and which might properly have been embraced therein: " In re Pottstown Borough, supra.

The title of the act of 1887 is " An act to restrain and regulate the sale of vinous and spirituous, malt or brewed liquors, or any admixtures thereof." The act contains nineteen sections, all obviously germane to the title. Section 8 fixes the sums to be paid for licenses; and the disposition to be made of the moneys; and commissions are claimed by the defendant here under the following clause: " Provided, that counties, cities, boroughs and townships, receiving parts of said licenses, shall bear their proportionate share of the expenses attending the collection of the same." The act of 1891 is entitled " An act to amend the eighth section of the act entitled ' An act to restrain and regulate the sale of vinous and spirituous, malt or brewed liquors, or any admixtures thereof,' approved May 13, 1887, providing that the license money shall be paid into the treasury of the city, county, borough and township wherever the licensed places are situated, and increasing the amount of license to be paid in cities of the first and second class." The act itself, after citing for amendment section 8 of the act of 1887, amends it by re-enacting the section, with an increase of the license taxes in cities of the first and second classes; changes in the proportions payable to the local beneficiaries,

without giving any part to the state; and omitting the clause providing for payment by the local beneficiaries of proportionate shares of the expense of collection, thus leaving no provision for commissions to the treasurer. The question raised here is whether this omission is expressed in the title, within the meaning of the constitutional provision on the subject.

Every amendatory act is in its nature a supplement to the original act, whether so described or not, and in the construction of its title must be deemed such. Had the act of 1891 been described in its title as a supplement to the act of 1887, without more, it would have been sufficient, the provisions of the supplement being germane to the title and subject of the original act. Whether a description in its title as an act to amend section 8 of the act of 1887, without more, would have been sufficient, we need not here inquire, since a clause is added relating to the character of the amendment. It is not necessary that such a clause should be an index to the amendment. When the title describes an act as a supplement or an amendment, and follows with a reference to the scope of its provisions, the chief constitutional requirement is that such reference shall not be misleading; it must be such as will by a reasonable construction, fairly give notice of the subject of the act. The title of the act of 1891 substantially satisfies these conditions. Not only has it no tendency to mislead, but its reference to license taxes as its subject is reasonably sufficient to challenge the attention of all who may be interested in such taxes, whether as licensees, collectors or beneficiaries ; and its reference to the act as one " providing that the license money shall be paid into the treasury of the city, county, borough or township wherever the licensed places are situated," reasonably indicates an intention to provide that the whole amount of license money shall be thus paid, without requiring the beneficiaries to bear their proportionate shares of the expense of collection as under the act of 1887. It points to this with such directness as " reasonably to lead to inquiry into the body of the bill," by all who may be in any way interested in the disposition of the license money. And its title, describing the act as an amendment of section 8 of the act of 1887, is sufficient to cover anything within the purview of that section that might have been embraced therein, its further reference to

the scope of the amendment containing nothing calculated to mislead.   The clause respecting the expense of collecting could have been omitted from section 8 without affecting the constitutionality of the act; and the language of the act of 1891 might properly have been substituted for section 8 of the act of 1887.   This section, and the act of 1891, are alike germane to the title and the subject of the act of 1887, and the subject of the supplement is expressed in its title with sufficient clearness to reasonably lead to inquiry into its purpose through an examination of the bill.   This meets the constitutional requirement on the subject.   The amending act being thus constitutional, the case was rightly decided by the court below.

Judgment affirmed.