## O'Donnell, Appellant, *v.* Pittsburg.

*Constitutional law—Special legislation—Title of statute—Road law—Act of April 2, 1903, P. L. 124.*

1. The Act of April 2, 1903, P. L. 124, is not unconstitutional because it authorizes the viewers' report in road cases to be offered in evidence on an appeal as prima facie evidence of the benefits accruing to the property owner by reason of the improvement. It is not special legislation within the meaning of art. III, sec. 7, of the constitution, inasmuch as it applies throughout the commonwealth, and in all proceedings for the purpose of assessing benefits to meet the costs and expense of municipal improvements; nor does it offend against sec. 3, art. III, of the constitution as insufficient in title as to this particular provision, since the title to the Act of May 16, 1891, P. L. 75, to which the act of 1903 is a supplement, is sufficiently broad to cover it.

2. Under the Act of April 2, 1903, P. L. 124, a property owner has a right to appeal from the report of viewers, but on the trial of such an appeal the report of the viewers is prima facie evidence of the benefits assessed, if it appears that the report was finally confirmed; but this confirmation may be as of course by the prothonotary when no exceptions have been filed, or by the court when exceptions have been filed.

Argued Nov. 3, 1909. Appeal, No. 200, Oct. T., 1909, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1906, No. 333, on certificate for defendant in case of J. E. O'Donnell v. City of Pittsburg. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Appeal from report of road jury. Before KENNEDY, P. J.

At the trial the court admitted under plaintiff's objection and exception the offer of the report of viewers to show assessments and benefits accruing to plaintiff's property.

Certificate and judgment for defendant for $1,649.61. Plaintiff appealed.

*Error assigned* was the admission of the report of the jury of view.

*F. C. McGirr*, with him *John Marron* and *J. E. O'Donnell*, for appellant.—The act of 1903 is unconstitutional as special

legislation: Strine v. Foltz, 113 Pa. 349; Gardner v. Chester, 2 Pa. Dist. Rep. 704.

The act is unconstitutional because its subject is not expressed in the title of act: Com. v. Farley, 6 Pa. C. C. Rep. 433; Mt. Joy Borough v. Lancaster & Turnpike Co., 182 Pa. 581.

Even if the act be constitutional, the viewers' report was improperly received as evidence in this case: Pittsburg v. Eyth, 26 P. L. J. (N. S.) 316.

*Lee C. Beatty,* first assistant city solicitor, with him *C. A. O'Brien,* city solicitor, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 3, 1910:

This was an appeal to the common pleas from the assessment of benefits against the plaintiff for the opening and grading of a street in which damages were awarded to other property holders.  As the benefits were assessed to pay damages to other property owners, there is no doubt of the plaintiff's right to appeal under the statute.  On the trial of the cause the defendant offered in evidence the report of viewers, duly confirmed under the statute, as prima facie evidence of the benefits accruing to the plaintiff's property.  The offer was admitted against the objection of the plaintiff.

The only question involved in the case is whether the Act of April 2, 1903, P. L. 124, is constitutional in so far as it authorizes the viewers' report to be offered in evidence on the appeal as prima facie evidence of the benefits accruing to the property owner by reason of the improvement.  The plaintiff contends that this provision of the act of 1903 is unconstitutional for two reasons: (a) That it offends against art. III, sec. 7, of the constitution prohibiting special legislation; and (b) it violates art. III, sec. 3, of the constitution which provides that no bill, except appropriation bills, shall be passed, containing more than one subject, which shall be clearly expressed in its title.

The plaintiff maintains that the act is special legislation because it applies only to reports of viewers in street cases and not to all classes of eminent domain proceedings.  We think,

however, this objection is not well taken. The report of viewers is only made prima facie evidence after the final decree of the court approving, confirming or modifying it. The report as confirmed is evidence only of the amount of benefits which will accrue to the owner from the municipal improvement, and is not evidence of the damages awarded. The act therefore would not be applicable and could not be extended to railroad and other condemnation proceedings. It is neither local nor special legislation, but applies throughout the commonwealth and in every proceeding instituted for the purpose of assessing benefits against a property owner to meet the cost and expense of municipal improvements. In all cases of this character instituted in any municipality of the commonwealth, the act makes the report of viewers, confirmed by the court, prima facie evidence of the benefits accruing to the property. This, we think, relieves it from the charge of being special legislation, and shows that the act is of general application in such cases and is therefore general legislation.

It is also objected that the provision of the statute under consideration is not expressed in the title and therefore offends against sec. 3 of art. III of the constitution. We think, however, it is clearly within the title of the original act, and that fully meets the objection: State Line & Juniata Railroad Company's Appeal, 77 Pa. 429; Craig v. First Presbyterian Church, 88 Pa. 42. The title to the Act of May 16, 1891, P. L. 75, to which the act of 1903 is a supplement is very broad and explicit. It is as follows: "An act in relation to the laying out, opening, widening, straightening, extending or vacating streets and alleys, and the construction of bridges in the several municipalities of this commonwealth, the grading, paving, macadamizing or otherwise improving streets and alleys, providing for ascertaining the damages to private property resulting therefrom, the assessment of the damages, costs and expenses thereof upon the property benefited, and the construction of sewers and payment of the damages, costs and expenses thereof, including damages to private property resulting therefrom." It will be observed that the title of the act of 1891 covers a provision for "the assessment of damages,

costs and expenses thereof upon the property benefited" in making municipal improvements in the commonwealth. The title, therefore, would give notice to all interested parties that the act made provision for the assessment of benefits, and this would include such proceedings as the statute would provide from their inception to the final judgment of the appellate court. It is certainly broad enough to include a provision in the act for all steps in any trial or litigation necessary to ascertain the benefits resulting to the property owner by reason of the improvement. As said in Commonwealth v. Keystone Benefit Association, 171 Pa. 465, it is not necessary that the title should give notice of all the indirect and incidental effects of the act. Nor is it required to be a digest of the contents of the act. It is sufficient if the title fairly and clearly gives notice of the subject-matter so as reasonably to lead to an inquiry into the body of the act: Allegheny County Home's Appeal, 77 Pa. 77; State Line & Juniata Railroad Company's Appeal, 77 Pa. 429. We think the provision of the act in question is germane to the subject expressed in the title of the act of 1891 authorizing legislation for "the assessment of damages, costs and expenses thereof upon the property benefited," and that therefore the supplemental act of 1903 does not offend against art. III, sec. 3, of the constitution.

The appellant had the right to appeal in this case because his property was assessed benefits to pay damages to others who had property taken, injured or destroyed by the improvement. No exceptions were filed to the report of viewers, and it was confirmed absolutely by the prothonotary as required by the act of 1903. Upon the trial of such an appeal, the statute makes the report of viewers as finally confirmed by the court prima facie evidence of the benefits assessed. But this confirmation may be as of course by the prothonotary when no exceptions have been filed, or by the court when exceptions have been filed. It is the report, as finally confirmed by the court, with or without the filing of exceptions, that is made competent evidence on the appeal. Hence it is the adjudication of the court that is made evidence of the amount of the benefits, and that may be the sum awarded by the viewers or

that sum as "modified or changed by the court." We think it immaterial whether the confirmation is, as of course, by the prothonotary where no exceptions are filed or by the court where exceptions have been filed to the report.

The learned trial court properly disposed of the case, and the judgment is affirmed.