# East White-Land Township, Appellant, v. Chester County.

*Road Law—Abandoned turnpike roads—Duty to repair—Township—County—Act of April 25, 1907, P. L. 104.*

1. A township cannot maintain an action of assumpsit to recover from a county the cost of repairs voluntarily made by the township to a turnpike road which had been partly abandoned and partly condemned.

2. The Act of April 25, 1907, P. L. 104, relieves the township of the duty to maintain and repair such road, and imposes it upon the county.  If the county fails in its statutory duty there is an ample remedy directly against it and its officials, but the township can not make the repairs and collect the cost thereof from the county.

Submitted March 4, 1912.  Appeal No. 151, Jan. T., 1911, by plaintiff from order of C. P. Chester Co., Jan. T., 1910, No. 36, refusing to take off non-suit in case of East Whiteland Township v. Chester County.  Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.  Affirmed.

Assumpsit to recover $3,448.24, representing the cost of repairing a turnpike road, partly abandoned and partly condemned.  Before BUTLER, J.

At the trial the court entered a compulsory non-suit which it subsequently refused to take off.

*Error assigned* was in refusing to take off non-suit.

*J. Frank E. Hause,* for appellant.

*W. W. MacElree,* for appellee.

PER CURIAM, March 18, 1912:

This was an action of assumpsit brought by the Township of East Whiteland to recover from the County of Chester the cost of repairs made by the township on that part of the Philadelphia and Lancaster Turnpike in East Whiteland Township that had been partly abandoned and partly condemned. The court below properly entered a non-suit. Whether the former turnpike should be kept in repair by the state or the county or a municipal division thereof was clearly a matter for legislative determination. The Act of April 25, 1907, P. L. 104, imposed on the county the duty to repair and maintain the turnpike or part thereof that had been condemned for public use or had been abandoned. The act manifestly relieved the township of the duty to maintain and repair the highway which was imposed by former statutory enactments. Owing no duty to the public to repair the road, the township was not required to make repairs and is not liable for injuries resulting from a failure to make them. If the county failed in its statutory duty to repair, there is an ample remedy directly against it and its officials to enforce the performance of the duty, but the township is without authority to make the repairs and collect the costs from the county.

The judgment is affirmed.