## Winters, Appellant, *v.* Koontz.

*Road law—Abandoned turnpike—Repairs—Supervisors—Counties—Statutes—Constitutional law.*

The Acts of April 20, 1905, P. L. 237, and April 25, 1907, P. L. 104, requiring counties to repair abandoned turnpike roads are

constitutional, and are not in violation of the provisions of the Constitution relating to titles of statutes or uniformity of taxation.

The Act of May 10, 1909, P. L. 499, repealing the Acts of April 20, 1905, P. L. 237, and April 25, 1907, P. L. 104, was itself repealed by the Act of March 15, 1911, P. L. 21, and such repeal reenacted the Acts of 1905 and 1907.

Argued May 3, 1915. Appeal, No. 197, April T., 1915, by plaintiffs, from order of C. P. Somerset Co., May T., 1915, No. 31, dismissing petition for mandamus in case of William Winters, et al., Supervisors of Somerset Township, v. Jacob Koontz, et al., Commissioners of Somerset County. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Petition for mandamus. Before RUPPEL, P. J.
The opinion of the Superior Court states the case.

*Error assigned* was order dismissing the petition.

*Edmund E. Kiernan,* for appellant, cited Clarion County v. Clarion Twp., 36 Pa. Superior Ct. 302; Clarion County v. Clarion Twp., 222 Pa. 350; Dickinson Twp. Road, 23 Pa. Superior Ct. 34.

*C. W. Walker,* for appellees, cited: Kelly v. Cumberland County, 229 Pa. 289; Otto Twp. Road, 2 Pa. Superior Ct. 20; Dailey v. Potter County, 203 Pa. 593; Quinn v. Cumberland County, 162 Pa. 55; Sewickley Borough v. Sholes, 118 Pa. 165.

OPINION BY KEPHART, J., May 14, 1915:

In the opinion dismissing the petition of the supervisors of Somerset Township for a mandamus compelling the county commissioners to maintain and keep in repair an abandoned turnpike, the learned court below assumed as a fact that the road was an abandoned turn-

pike, and predicates its conclusion on the unconstitutionality of the Acts of April 20, 1905, P. L. 237, and April 25, 1907, P. L. 104. From an examination of the answer to the petition there is no definite denial that the road was not an abandoned turnpike. The fact that the supervisors may have worked on and kept this highway in repair for a number of years would not relieve the commissioners from keeping the road in repair, if these acts commanding this to be done are constitutional. The averment that the road was taken over by the State highway department lacks definiteness, in that it is not shown under what act of assembly this was done, the route number with the information therein contained, and the time when the State highway department assumed jurisdiction. While the act of assembly may have incorporated this highway into the State highway system by a given route, the procedure indicated by the laws creating and regulating State highways must be complied with, and this answer should have set forth when the State assumed control. The court below states that the formal notice of the State highway department assuming jurisdiction over the highway, was given to take effect June 15, 1915.

Notwithstanding the very able opinion of the learned president judge, we are compelled to regard the constitutionality of these acts affirmatively determined by the decisions of Com. v. Bowman, 35 Pa. Superior Ct. 410; Clarion County v. Clarion Twp., 36 Pa. Superior Ct. 302, as appealed and affirmed in 222 Pa. 350; East Whiteland Twp. v. Chester County, 235 Pa. 579. These acts were repealed by the Act of May 10, 1909, P. L. 499, which latter act was repealed by the Act of March 15, 1911, P. L. 21, thus reinstating the Acts of 1905 and 1907. "By the repeal of a repealing statute, the original statute is revived": Directors of the Poor v. Railroad Co., 7 Watts and Sergeant, 236.

The title of the Act of 1907 distinctly creates a new class of highways that must be repaired and maintained

by counties, cities and boroughs. It notifies these municipal subdivisions that in addition to the repair and maintenance of turnpikes appropriated and condemned, turnpikes abandoned must also be cared for. The title could scarcely be more explicit. It is well within the rule of Mt. Joy Borough v. Lancaster, Etc., 182 Pa. 581.

On the question of uniformity of taxation, we can only repeat what was said in Com. v. Bowman, supra: "It is further contended that the act violates Section 1, of Article IX, of the Constitution, which demands uniformity of taxation. This objection is met by the reply that the subject of the statute is not one of taxation at all. There is no constitutional obligation of any municipal district to maintain public highways. The duty is imposed by the statute, and it is a matter of legislative discretion whether the highway shall be maintained by the county or by the municipal district."

The order of the court below is reversed, the petition for mandamus is reinstated, and it is ordered that a mandamus issue commanding Jacob Koontz, C. C. Heckle and Millard Walker, commissioners of Somerset County, to maintain and keep in repair the abandoned turnpike from the easterly line of Somerset Borough to the easterly line of Somerset Township. The costs of this appeal to be paid by Somerset County.