## Somerset Township Supervisors *v.* Somerset County Commissioners, Appellants.

*Constitutional law—Constitution of Pennsylvania, Article III, Section 3—Titles of acts—Subject-matter of acts—Municipalities —Abandoned turnpikes.*

The subject-matter of the Act of April 25, 1907, P. L. 104, which is entitled "An act to amend the first section of an act entitled 'An act to provide for the repair and maintenance or improvement by the proper county, city or borough, of turnpikes heretofore or hereafter appropriated or condemned, or any part thereof, for public use free of tolls,'" and which provides in effect that when any turnpike has been condemned for public use free of tolls under any existing laws and the assessment of damages therefor shall have been paid by the proper county, or when any turnpike company has or may abandon its turnpikes, or has been or may be dissolved by proceedings under existing laws, such turnpike shall be properly repaired and maintained at the expense of the county, city or borough in which the turnpike lies, is germane to its title and to the title of the Act of April 20, 1905, P. L. 237, which the Act of 1907 purports to amend, and said Act of 1907 is not, therefore, violative of Article III, Section 3, of the Constitution.

Argued Sept. 28, 1915.   Appeal, No. 187, Oct. T., 1915, by defendants, from order of Superior Court, April T., 1915, No. 197, reversing order of C. P. Somerset Co., refusing mandamus, in case of William Winters, Charles Frank and Nelson Mosholder, Supervisors of Somerset Township, v. Jacob Koontz, C. C. Heckle and Millard Walker, Commissioners of Somerset County.   Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZIS-KER and FRAZER, JJ.   Affirmed.

Appeal from Superior Court.

The opinion of the Superior Court by KEPHART, J., is as follows: In the opinion dismissing the petition of the Supervisors of Somerset Township for a mandamus compelling the county commissioners to maintain and keep in repair an abandoned turnpike, the learned court below assumed as a fact that the road was an abandoned turnpike, and predicated its conclusion on the unconstitutionality of the Acts of April 20, 1905, P. L. 237, and April 25, 1907, P. L. 104.   From an examination of the answer to the petition there is no definite denial that the road was not an abandoned turnpike.   The fact that the supervisors may have worked on and kept this highway in repair for a number of years would not relieve the commissioners from keeping the road in repair, if these acts commanding this to be done are constitutional.   The averment that the road was taken over by the State highway department lacks definiteness, in that it is not shown under what act of assembly this was done, the route number with the information therein contained, and the time when the State highway department assumed jurisdiction.   "While the act of assembly may have incorporated this highway into the State highway system by a given route, the procedure indicated by the laws creating and regulating State highways must be complied with; and this answer should have set forth when the State assumed control.   The court below states that the formal notice of the State highway depart-

ment assuming jurisdiction over the highway, was given to take effect June 15, 1915."

Notwithstanding the very able opinion of the learned president judge, we are compelled to regard the constitutionality of these acts affirmatively determined by the decisions of Commonwealth v. Van Bowman, 35 Pa. Superior Ct. 410; Clarion County v. Clarion Township, 36 Pa. Superior Ct. 302, as appealed and affirmed in 222 Pa. 350; East Whiteland Township v. Chester County, 235 Pa. 579. These acts were repealed by the Act of May 10, 1909, P. L. 499, which latter act was repealed by the Act of March 15, 1911, P. L. 21, thus reinstating the Acts of 1905 and 1907. "By the repeal of a repealing statute, the original statute is revived." Directors of the Poor v. Wrightsville, York & Gettysburg R. R. Co., 7 W. & S. 236.

The title of the Act of 1907 distinctly creates a new class of highways that must be repaired and maintained by counties, cities and boroughs. It notifies these municipal subdivisions that in addition to the repair and maintenance of turnpikes appropriated and condemned, turnpikes abandoned must also be cared for. The title could scarcely be more explicit. It is well within the rule of Mt. Joy Borough v. Lancaster, Elizabethtown & Middletown Turnpike Co., 182 Pa. 581.

On the question of uniformity of taxation, we can only repeat what was said in Commonwealth v. Van Bowman, 35 Pa. Superior Ct. 410, 414, "It is further contended that the act violates Section 1, of Article IX, of the Constitution, which demands uniformity of taxation. This objection is met by the reply that the subject of the statute is not one of taxation at all. There is no constitutional obligation of any municipal district to maintain public highways. The duty is imposed by the statute, and it is a matter of legislative discretion whether the highway shall be maintained by the county or the municipal district."

The Superior Court reversed the order of the Court of

Common Pleas and reinstated the petition for the writ of mandamus with directions that the writ should issue commanding defendants "to maintain and keep in repair the abandoned turnpike leading from the easterly line of Somerset Borough to the easterly line of Somerset Township." Defendants appealed.

*Error assigned* was the order of the Superior Court.

*C. W. Walker,* for appellants.

*E. E. Kiernan,* for appellee.

Opinion by Mr. Justice Moschzisker, October 28, 1915:

On the record as made in the Common Pleas and under our allowance of appeal from the Superior Court, the only question before us is whether the Act of April 25, 1907, P. L. 104, is constitutional. The court below declared the act void because its title did not "clearly express the subject-matter of the bill in conformity with the Constitution." The Superior Court reversed and held the act in question to be valid legislation, citing: Com. v. Van Bowman, 35 Pa. Superior Ct. 410; Clarion County v. Clarion Township, 36 Pa. Superior Ct. 302; id., 222 Pa. 350; East Whiteland Township v. Chester County, 235 Pa. 579, which cases deal with the Act of April 20, 1905, P. L. 237, as amended by the Act of 1907, supra.

The Act of 1905 is entitled, "An act to provide for the repair and maintenance or improvement, by the proper county, city or borough, of turnpikes heretofore or hereafter appropriated or condemned, or any part thereof, for public use free of tolls," and section 1 provides, "That when any turnpike, or part thereof, has been, or may hereafter be, appropriated or condemned for public use, free of tolls, under any existing laws, and the assessment of damages therefor shall have been paid by the proper

county, such turnpike, or part thereof, shall be properly
repaired and maintained at the expense of the county,
city or borough in which said turnpike, or part thereof,
lies, or the same may be improved under any existing
laws by the said county, city or borough." The Act of
April 25, 1907, P. L. 104, is entitled, "An act to amend
the first section of an act, entitled 'An act to provide for
the repair and maintenance or improvement, by the
proper county, city or borough, of turnpikes heretofore
or hereafter appropriated or condemned, or any part
thereof, for public use free of tolls,' approved the 20th
day of April, Anno Domini one thousand nine hundred
and five; providing for the repair and maintenance or
improvement, by the proper county, city or borough, of
turnpikes heretofore or hereafter abandoned, or any part
thereof, and for the repair and maintenance, or improve-
ment of any turnpike, or part thereof, where the com-
pany or association owning the same has been or may
hereafter be dissolved," and section 1 thereof provides,
"That when any turnpike, or part thereof, has been, or
may hereafter be, appropriated or condemned for public
use, free of tolls, under any existing laws, and the assess-
ment of damages therefor shall have been paid by the
proper county; or when any turnpike company or asso-
ciation has heretofore abandoned or may hereafter aban-
don its turnpikes, or any part thereof; or when any
turnpike company or association, owning any turnpike,
has heretofore been dissolved, or may hereafter be dis-
solved, by proceedings under any existing laws of this
Commonwealth, such turnpike, or part thereof, shall be
properly repaired and maintained at the expense of the
county, city or borough in which the said turnpike, or
part thereof lies, or the same may be improved, under
any existing laws, by the said county, city or borough."
As heretofore held in the cases cited by the Superior
Court, the title to each of these acts is amply sufficient
within the requirements of our decisions (see Mt. Joy
Boro. v. Lancaster, Elizabethtown & Middletown Turn-

pike Co., 182 Pa. 581), and we have not been convinced of any other reason for holding either of them in conflict with the Constitution.

The assignments of error are overruled and the appeal is dismissed at the cost of the appellants.