## Commonwealth ex rel. v. Clearfield County Commissioners.

*Constitutional law — Road law — Act of April 20, 1905 — Title of act — Amendment of act — Local and special legislation — Condemned turnpikes— Maintenance by county—Townships.*

1. The Act of April 20, 1905, P. L. 237, relating to the care of condemned turnpikes by counties, does not violate the provisions of the Constitution relating to titles of acts, revival or amendment of acts, uniformity of taxation or special and local legislation.

2. Under the acts in force, the fact that a township has maintained a condemned township road for many years after the condemnation proceeding will not relieve the county from the responsibility of maintenance under the Act of April 20, 1905, P. L. 237.

Mandamus to compel county commissioners to repair what was formerly a turnpike road. C. P. Clearfield Co., Sept. T., 1924, No. 463.

*Bell, Boulton & Forsyth*, for petitioners.

*Liveright & Chase*, for respondents.

CHASE, P. J., Feb. 26, 1925.—This proceeding is before the court on alternative writ of mandamus awarded Aug. 13, 1924, and made returnable Aug. 25th, against the County Commissioners of Clearfield County, asking that the said commissioners be required to proceed to properly repair and maintain, at the expense of Clearfield County, what was formerly known as the Cream Hill Turnpike, extending through Bloom and Pike Townships, in Clearfield County; the petition alleging that the aforesaid road was formerly a privately-owned turnpike until condemned by proceedings to No. 5, Decem-

ber Sessions, 1887, and that under the existing law the county is liable for maintenance of the same and not the township.

The answer of the respondent, Clearfield County, by and through its commissioners, denies the legal responsibility of the county to maintain the said road: First, because the act of assembly in force is not constitutional; and for the further reason that the townships having maintained the road since the same was condemned, by their acts accepted the road as a township road, and are, therefore, bound to maintain the same.

Prior to Sept. 12, 1887, the road involved existed as a privately-owned toll road, upon which tolls were charged to the traveling public by the owners. By proceedings had in the Court of Quarter Sessions of Clearfield County to No. 5, December Sessions, 1887, the turnpike was condemned and damages assessed. That by decree of court on Feb. 8, 1888, the exception to the report of viewers was dismissed and the report of viewers was confirmed absolutely, and that part of the Cream Hill Turnpike situate in Clearfield County was condemned for public use, free from toll and toll-gates, and the county commissioners were ordered to draw a warrant in favor of the owners of said turnpike for the condemnation money. That the county commissioners paid the amount of damage awarded by the viewers to R. H. Moore, the person entitled to receive the same, on Feb. 13, 1888.

It is further found that the various townships through which the road ran from the time of this condemnation to a time shortly before this proceeding was brought maintained the road and bore the expenses of its upkeep and exercised control of the same, while the County of Clearfield at no time has had any work done upon the road or exercised any supervision over the same.

In examining the law which governs the facts and issues herein raised, it is found that the condemnation proceedings was brought by virtue of the Act of Assembly of June 2, 1887, P. L. 306, which act authorized the condemnation and provided the method of procedure. There is no question raised as to the legality of the proceedings of condemnation, and reference is made to this act for the purpose of drawing attention to section 11 of the same, which provides that, after the condemnation of a turnpike, such turnpike or portion thereof shall be properly repaired and maintained at the expense of the proper city, township or district as other public roads or streets therein are by law repaired and maintained. So, at the time of the taking over of this road, the townships through which the same passed were legally liable for maintenance of the same. Such was the law until the Act of April 20, 1905, P. L. 237, which reads as follows: "That when any turnpike, or part thereof, has been or may hereafter be appropriated or condemned for public use, free of tolls, under any existing laws and the assessment of damages therefor shall have been paid for by the proper county, such turnpike, or part thereof, shall be properly repaired and maintained at the expense of the county, city or borough in which the said turnpike, or part thereof, lies. . . ." The 2nd section of said act provides that all acts or parts of acts inconsistent with said act are repealed. It is noted that this act of assembly changes the law so that the county becomes liable for maintaining the turnpikes which had been previously condemned or that might be condemned, instead of the townships through which the road passed, as provided by the Act of 1887.

The legislature, by Act of April 25, 1907, P. L. 104, amended said Act of April 20, 1905, by adding abandoned turnpikes should be maintained by the county, city or borough through which the road passed. By virtue of the Act of Assembly of 1905 up to May, 1909, the county was liable for the maintaining of condemned turnpikes within the townships in the county, but by Act

of May 10, 1909, P. L. 499, it was provided that condemned turnpikes, etc., should be properly repaired and maintained at the expense of the township, city or borough in which the turnpike lies, and this act expressly repealed the Acts of April 20, 1905, and April 25, 1907, in so far as they were inconsistent with the provisions of this act. So that the townships again became liable for the maintaining of condemned turnpikes within their borders, but this condition only existed until the Act of March 15, 1911, P. L. 21, which act expressly repealed the aforementioned Act of May 10, 1909, and, therefore, the Act of April 20, 1905, in its entirety, again became the law and the county became responsible for the maintenance of condemned turnpikes within its townships, and from that time to the present there appears to be no further legislation on the part of the lawmakers which changes the responsibility.

However, in order that no question might arise by reason of the Act of 1887, section 1500 of the Act of July 16, 1917, P. L. 840, 968, expressly repealed the 11th section of the Act of June 2, 1887, P. L. 306, in so far as the same related to townships. In further recognition of the responsibility of the county under the act of assembly to maintain and keep condemned turnpikes and other county roads, the legislature set up the machinery by the Act of May 11, 1911, P. L. 244, and the amended act thereto, Act of July 8, 1919, P. L. 738, whereby the county could and should maintain the roads for which it was responsible in proper shape. These latter acts referred to clearly indicate the trend of legislation to place the public roads which have become a burden to a township, or which are of great public benefit, under the control of a centralized body, namely, the county commissioners.

As we view the law, the acts of assembly in force clearly and explicitly place the responsibility of maintaining the road in question upon the county, and unless the acts of the township in working the road and exercising supervision over the same relieve the county from the plain language of the act of assembly or the act of assembly is unconstitutional, the county is not relieved from the burden.

In what particular the legislation in question may be unconstitutional is not pointed out to us and we are not able to discover in what particular the act may infringe upon the Constitution or in what manner the act may exceed the powers vested in the lawmakers by the Constitution to legislate. The legislature surely has power to legislate on such a purely public matter as roads, and there appears to be a growing sentiment, not only indicated by the legislation of recent years, but by public feeling, that the solution for the proper maintaining and supervision of public roads lies in placing the road system under the county unit rather than under the present system of the township unit.

The Superior Court has already passed upon the constitutionality of the act in question [Act of April 20, 1905, P. L. 237] as to its not violating the 3rd section of article III of the Constitution relating to titles of acts, nor has it violated the 6th section of article III of the Constitution relating to the revival or amendment of acts, nor has it violated the 1st section of article IX of the Constitution, relating to uniformity of taxation, or section 7 of article III of the Constitution relating to special and local legislation: Com. ex rel. v. Bowman, 35 Pa. Superior Ct. 410.

As to the fact that the township has maintained these roads since condemned, that will not relieve the county from their responsibility under the act of assembly. It is useless to discuss this question raised, as the courts have spoken on the subject: Winters v. Koontz, 60 Pa. Superior Ct. 134; Com. ex rel. v. Ball, 277 Pa. 301.

Commonwealth ex rel. *v.* Clearfield County Commissioners.

Therefore, as we view the law, the issues raised by the respondent cannot be sustained, and in accordance with the conclusion above reached, the following order is made:

Now, Feb. 26, 1925, it is ordered and decreed that Jesse E. Dale, T. R. Weimer and B. W. McCracken, County Commissioners of Clearfield County, so soon as conditions may permit, proceed to properly repair and put in proper shape for travel and thereafter maintain and keep in proper repair, at the expense of the County of Clearfield, the public road known as the Cream Hill Turnpike, and extending through the Townships of Pike and Bloom, in Clearfield County. And it is further declared that the said road is a county road and is to be kept and maintained at the expense of Clearfield County, and upon failure to comply with the order herein made, upon application of the petitioner herein or other interested parties, a writ of mandamus will be awarded. Costs of this proceeding to be borne by Clearfield County.

From John M. Urey, Clearfield, Pa.